IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 119-117 |
| | * | |
| CHARLES EDWARD BENNETT | * | |

O R D E R

Defendant Charles Edward Bennett has written the Court a letter seeking to be released from prison because he desires to help his fiancée with child care while she is working.

With only three exceptions in 18 U.S.C. § 3582(c), a district court may not modify a sentence once it has been imposed. See United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under the first exception, a court may entertain a motion for release under certain extraordinary and compelling circumstances not present here.[1] 18 U.S.C. § 3582(c)(1)(A). The second exception

---

[1] In United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021), the Eleventh Circuit held that district courts are constrained to evaluate extraordinary and compelling circumstances under the applicable Policy Statement issued by the United States Sentencing Commission, U.S.S.G. § 1B1.13. The Application Note to the Policy Statement lists three specific examples of extraordinary and compelling reasons under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances (which does not cover child care). U.S.S.G. § 1B1.13 n.1(A)-(C). The Application Note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the

references Rule 35 of the Federal Rules of Criminal Procedure for instances when correcting sentence is proper. 18 U.S.C. § 3882(c)(1)(B). Rule 35 allows modification upon an order from an appellate court, upon a motion from the Government, or to correct a computational error within seven days of sentencing. Finally, under the third exception a court may reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). Defendant has not established that he is entitled to relief under any of these three exceptions.

Because Defendant has failed to provide a basis to invoke this Court's authority to modify his sentence, the Clerk is directed to **TERMINATE** the motion to reduce sentence (doc. 109).

**ORDER ENTERED** at Augusta, Georgia, this 25th day of April, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

aforementioned three categories. Id. n.1(D) (emphasis added). This provision, too, is inapplicable.

2